ERIC R. WELSH, Cal. SBN 250563
REEVES IMMIGRATION LAW GROUP
2 North Lake Avenue, Suite 950
Pasadena, California 91101-1871
Tel: (626) 795-6777
Fax: (626) 765-6999
ewelsh@rreeves.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN AGUAS MARQUEZ and SERGIO AGUAS SALDANA, <br><br>  Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE (DOS); ANTHONY J. BLINKEN, Secretary of DOS; UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS); ALEJANDRO MAYORKAS, Secretary, DHS; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); and UR MENDOZA JADDOU, Director, USCIS, <br><br>  Defendants. | CASE NO. <br><br> **COMPLAINT FOR DECLARATORY RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT [5 U.S.C. §§ 701 et seq.]; AND IN THE NATURE OF MANDAMUS [28 U.S.C. § 1361] AND FOR OTHER INJUNCTIVE RELIEF** |

- 1 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

**PRELIMINARY STATEMENT**

1. Twenty-six years ago, Plaintiff Fermin Aguas Marquez, a lawful permanent resident of the United States, filed a petition on behalf of his son, Plaintiff Sergio Aguas Saldana, to initiate a process that would enable Sergio to immigrate to the United States. They had to wait more than two decades before a visa number became available to Sergio, but when he tried to apply for permanent residency, he learned that Defendants had revoked[1] the approval and terminated the petition filed by Fermin. Fermin and Sergio sought to reinstate the registration, but Defendants refused their request, dismissively suggesting that Fermin (now 62 years old) should file a new petition for his son and wait another 20-plus years for a visa. Defendants' actions were unlawful, and Plaintiffs now pray to this Court for relief.

2. On July 22, 1997, Fermin Aquas Marquez filed a petition with the legacy Immigration and Naturalization Service ("INS")[2] to classify his son, Sergio Aguas Saldana, as the son of a permanent resident. INS received the petition and assigned a receipt number and a priority date, and on September 17, 1997, INS approved Fermin's petition. The approval did not come with an expiration, and the approval notice was entirely silent regarding any obligation to take any action by any appointed time to maintain the validity of the approval.

---

[1] The terms "cancellation" and "revocation" are used interchangeably in this complaint as those terms are also used interchangeably by defendants in various adjudicative settings to denote complete destruction of a visa petition and the loss of most benefits flowing from the approved petition. The Immigration and Nationality Act more commonly uses the term "revocation." *See*, *e.g.*, 8 U.S.C. § 1155; 8 C.F.R. § 205.1(a)(3)(i).

[2] Since that time, the INS's domestic immigration functions, including the adjudication of immigrant visa petitions, have been transferred to the Department of Homeland Security ("DHS").

- 2 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

3.      Fermin and Sergio understood when this process began that immigrating to the United States is a long journey. Federal law limits the number of visas available in Sergio's category (unmarried adult son of a lawful permanent resident), and for citizens of Mexico, that limitation results in a backlog of more than 20 years. For more than two decades, there was nothing that Fermin and Sergio could do but wait for a visa before Sergio could pursue permanent resident status.

4.      When the priority date became current and a visa became available in 2019, Sergio was living in the United States. He consulted with an immigration attorney who explained that he could apply for adjustment of status to permanent resident in the United States under section 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i).[3]

5.      Sergio filed his application for adjustment of status with U.S. Citizenship and Immigration Services ("USCIS") on February 8, 2021. On November 22, 2021, USCIS issued a Notice of Intent to Deny ("NOID"), alleging that the U.S. Department of State ("DOS") terminated Fermin's petition on September 3, 2020, pursuant to 8 U.S.C. § 1153(g). On April 22, 2022, USCIS issued a Revocation Notice, stating that "[i]n accordance with title 8, Code of Federal Regulations (CFR) section 205.1(a)(1), the approval of the petition is automatically revoked as of the date of approval because the Department of States (DOS) has terminated the

---

[3] Section 245(i) permits an alien who is otherwise not eligible to adjust status because of failure to maintain lawful status (and other reasons) to apply and be accorded permanent resident status, if the alien was the beneficiary of "a petition for classification under [8 U.S.C. § 1154] that was filed with the Attorney General on or before April 30, 2001." 8 U.S.C. § 1255(i)(1)(B)(i).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

registration of the beneficiary under Section 203(g) of the Immigration and Nationality Act (INA)."

6. Neither Sergio nor Fermin ever received any notice from the Department of State or the Department of Homeland Security before Fermin's registration was terminated by the Department of State in 2020.

7. USCIS regulations do not provide for an appeal to the decision to revoke the approval of the petition.

8. By this action, Plaintiffs are seeking relief from the Defendants' unlawful termination and cancellation of the immigrant visa petition filed by Fermin on behalf of Sergio. Defendants' decision to terminate the registration and revoke the approval of the visa petition in this case was unlawful because statutorily required notice was never provided to Sergio, the beneficiary of the visa petition. *See* 8 U.S.C. § 1153(g); *Singh v. Clinton*, 618 F.3d 1085, 1092 (9th Cir. 2010). Alternatively, Plaintiffs assert that the cancellation of the immigrant visa petition was arbitrary and capricious as no statute or lawful regulation authorizes automatic cancellation of a visa petition for failure to apply by a given time. Plaintiffs seek judicial review under the Administrative Procedures Act of the cancellation of registration and revocation of approval, and an order declaring the cancellation and revocation unlawful and directing Defendants to reinstate the approval of the petition and reopen and reconsider Sergio's application for adjustment of status.

/ / /

## JURISDICTION

9. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, this action arising under the Constitution and the laws of the United States, specifically, 8 U.S.C. § 1255 *et seq.*, INA § 245 *et seq.*, 8 C.F.R. § 245.2, 5 U.S.C. § 555 *et seq.*, 5 U.S.C. § 701 *et seq.*, the Administrative Procedures Act, and the Fifth Amendment to the U.S. Constitution.

10. Plaintiffs also invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1361, this action being a mandamus to compel officers and employees of an agency of the United States to perform duties owed to Plaintiffs.

11. This action challenges Defendants' procedural policies, practices, interpretations of law, and the application of law to fact, and therefore the jurisdictional limitations of 8 U.S.C. § 1252(a)(2)(B) do not apply.

12. Plaintiffs will seek costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*

## VENUE

13. Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391(e) as Plaintiffs reside in this judicial district.

## PARTIES

<u>Plaintiffs</u>

14. Plaintiff FERMIN AGUAS MARQUEZ is a lawful permanent resident of the United States [A 092-935-115], currently residing in Santa Ana, California. Fermin

is the father of Plaintiff SERGIO AGUAS SALDANA. On July 22, 1997, Fermin filed an immigrant visa petition with the legacy INS on behalf of Sergio, and INS approved this petition on September 17, 1997 [Receipt No. WAC9720251270]. On information and belief, the DOS terminated Sergio's visa registration on or about September 3, 2020, and on April 22, 2022, USCIS revoked the approval of the petition.

15. Plaintiff SERGIO AGUAS SALDANA [A 219-810-687] is a native and citizen of Mexico, residing in Santa Ana, California. He is the son of Plaintiff FERMIN AGUAS MARQUEZ. Sergio is the beneficiary of an immigrant visa petition filed by Fermin on July 22, 1997 [Receipt No. WAC9720251270]. Sergio filed his application to adjust status (I-485) with USCIS on February 8, 2021 [Receipt No. MSC2190885461]. On information and belief, the DOS terminated Sergio's visa registration on or about September 3, 2020, and on April 22, 2022, USCIS revoked the approval of the petition. On May 31, 2022, USCIS denied Sergio's I-485.

Defendants

16. Defendant U.S. DEPARTMENT OF STATE is a federal agency responsible for, among other things, registering and issuing immigrant visas through the Bureau of Consular Affairs and the National Visa Center ("NVC").

17. Defendant ANTHONY J. BLINKEN is the Secretary of the U.S. Department of State. He is sued in his official capacity. As Secretary of State, Mr. Blinken is responsible for the overall administration of the Department of State, including the

Bureau of Consular Affairs, which is responsible for the registration and issuance of immigrant visas under the immigration laws of the United States.

18. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY is a federal agency, mandated pursuant to 8 U.S.C. § 1103 to supervise, implement, and enforce the INA.

19. Defendant ALEJANDRO MAYORKAS is the Acting Secretary of the U.S. Department of Homeland Security. He is sued in his official capacity. Secretary MAYORKAS is "charged with the administration and enforcement of the [Immigration and Nationality Act] and all other laws relating to the immigration and naturalization of aliens…" 8 U.S.C. § 1103(a)(1). Commensurate with this charge, Secretary MAYORKAS exercises "control, direction, and supervision of all employees and of all the files and records of the [Department of Homeland Security]. 8 U.S.C. § 1103(a)(2). Further, Secretary MAYORKAS may "require or authorize any employee of the [Department of Homeland Security] or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by [the Immigration and Nationality Act] or regulations issued thereunder upon any other employee of [the Department of Homeland Security]." 8 U.S.C. § 1103(a)(4).

20. Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES is a federal agency within the United States Department of Homeland Security, mandated pursuant to 8 U.S.C. § 1103 to supervise, implement, and enforce the INA. USCIS is

responsible, among other things, for the adjudication of petitions for alien relatives and applications for adjustment of status.

21. Defendant UR MENDOZA JADDOU is the Director of USCIS, charged under 8 U.S.C. § 1103 with supervising, implementing, and enforcing the INA. She is sued in her official capacity.

## LEGAL FRAMEWORK

22. Immigrating to the United States based on a family relationship is often a very long process. With exceptions that do not apply in this case, family-sponsored immigrant visas are subject to strict numerical limitations based on the type of relationship and the nationality ("chargeability") of the visa applicant. *See* 8 U.S.C. §§ 1151(a)(1), (c) (formula for determining the yearly worldwide level of family-sponsored immigrants); 1152(a)(2), (4) (formula for determining per-country limits for family-sponsored immigrants); 1153(a)(2) (preference allocation for unmarried sons of permanent residents). The result of these formulae is that for countries with high volumes of applicants, the visa backlogs are significant. For example, for the unmarried son of a permanent resident with chargeability of Mexico, the July 2023 Department of State Visa Bulletin indicates that visas are now available only for petitions with priority dates (generally, the date the petition was filed) of or earlier than August 1, 2001. That is, visas are only available for Mexican unmarried sons and daughters of permanent residents for petitions that were filed at least 22 years ago.

23. To initiate the family-based immigration process, a U.S. citizen or permanent resident must file a petition to classify their relative according to the preference allocations. *See* 8 U.S.C. § 1154. Only certain relationships are recognized for immigrant visas, including unmarried sons or unmarried daughters of an alien lawfully admitted for permanent residence. *See* 8 U.S.C. § 1153(a)(2)(B). When the petition is properly filed and received by USCIS, the filing date constitutes the priority date. 8 C.F.R. § 204.1(b). Immigrant visas are issued to eligible immigrants in the order in which a petition on behalf of each such immigrant is properly filed. 8 U.S.C. § 1153(e)(1).

24. Alien relative petitions do not expire, and classifications generally remain valid so long as the relationship remains intact. *See* 8 C.F.R. § 204.2(h)(1). USCIS may, however, revoke the approval of a petition for "good and sufficient cause." 8 U.S.C. § 1155. Additionally, an approval terminates automatically under certain circumstances, including divorce in a marriage-based case or when the son or daughter of a permanent resident marries. *See*, *e.g.*, 8 C.F.R. § 205.1(a)(3).

25. When USCIS (or legacy INS) approves a petition, it forwards one copy to the Department of State where "[t]he Secretary of State shall then authorize the consular officer concerned to grant the preference status." 8 U.S.C. § 1154(b).

26. Although petitions do not expire, there are consequences for failing to pursue an immigrant visa when a visa number becomes available:

> The Secretary of State shall terminate the registration of any alien who fails to apply for an immigrant visa within

> one year following notification to the alien of the availability of such visa, but the Secretary shall reinstate the registration of any such alien who establishes within 2 years following the date of notification of the availability of such visa that such failure to apply was due to circumstances beyond the alien's control.

8 U.S.C. § 1153(g). Moreover, USCIS regulations require automatic termination of the approval of the petition if the Secretary of State terminates the beneficiary's registration. 8 C.F.R. § 205.1(a)(1).

27. Termination of registration for failing to apply for a visa requires notice to the visa applicant (i.e., the beneficiary of the immigrant visa petition). *See* 8 U.S.C. § 1153(g) (authorizing termination of registration of any alien who fails to apply "within one year ***following notification to the alien*** of the availability of such visa") (emphasis added); 22 C.F.R. § 42.67(b) (alien considered "registered" for the purposes of 8 U.S.C. § 1153(g) upon the filing of the visa application "or the transmission by the Department ***to the alien of a notification*** of the availability of an immigrant visa, whichever occurs first.") (emphasis added); *Singh v. Clinton*, 618 F.3d 1085 (9th Cir. 2010) (the statute and regulation unambiguously require that the State Department send notice to the alien or to an expressly designated agent prior to termination of registration).

28. Although 8 U.S.C. § 1153(g) requires the Secretary of State to terminate the registration of aliens who do not apply for a visa within one year following notification of the availability, it does not require or authorize the DOS or USCIS to cancel or revoke the approval of a visa petition. The Immigration Act of 1990

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

("IMMACT90"), P.L. 101-649, 104 Stat. 4978 (Nov. 29, 1990) amended the Immigration and Nationality Act by replacing former section 1153(e) with 1153(g). Former section 1153(e) was nearly identical to section 1153(g) with one significant difference: the former section provided that upon the termination of registration, "the approval of any petition approved pursuant to section 204(b) shall be automatically revoked." IMMACT90 eliminated this clause, thereby eliminating the automatic revocation of the approval. The current version of 8 U.S.C. § 1153(g)—the version that applies in this case—only authorizes the termination of *registration*, and *not* the termination of the petition or the revocation of approval.

29. The revocation of approval can be catastrophic. The termination of registration merely means that the visa applicant needs to restart the visa application process (including paying application fees) but does not in itself result in the revocation of the approval. When USCIS revokes the approval, the petition is no longer valid for overseas processing or for adjustment of status in the United States. And, although the regulations generally allow petitioners to file new petitions for the same relative and recapture the old priority date, the regulations specifically preclude the recapture of priority date from a petition that is terminated because of 1153(g). 8 C.F.R. § 204.2(h)(2).[4]

---

[4] 8 C.F.R. § 204.2(h)(2) states:
> When a visa petition has been approved, and subsequently a new petition by the same petitioner is approved for the same preference classification on behalf of the same beneficiary, the latter approval shall be regarded as a reaffirmation or reinstatement of the validity of the original petition, except when the original petition has been terminated pursuant to section 203(g) of the

30. When a visa becomes available for a beneficiary of an approved petition (i.e., when a priority date becomes "current"), the beneficiary may, if present in the United States, apply for adjustment to permanent resident in the United States. *See*, *generally*, 8 U.S.C. § 1255. An alien subject to the general prohibitions against adjustment for entry without inspection, unlawful employment, or failure to maintain status may nonetheless apply for permanent residency if the alien qualifies under 8 U.S.C. § 1255(i) (INA § 245(i)) as the beneficiary of an immigrant visa petition filed on or before April 30, 2001. 8 C.F.R. § 245.10(a)(1)(i).

## FACTUAL BACKGROUND

31. Plaintiff Fermin Aguas Saldana is a lawful permanent resident of the United States and the biological father of Sergio Aguas Saldana.

32. On July 22, 1997, Fermin filed a family-based immigrant visa petition (Form I-130) on behalf of Sergio with the legacy INS [Receipt No. WAC9720251270]. Exhibit A. At the time of filing, Sergio was 15 years old and living in Mexico. This petition was filed pursuant to 8 U.S.C. § 1154 and requested approval and preference allocation pursuant to 8 U.S.C. § 1153(a)(2)(A) (unmarried child of an alien lawfully admitted for permanent residence).

33. INS approved the petition on September 17, 1997, classifying Sergio as the child of a permanent resident (the petition later converted automatically to a petition

---

Act or revoked pursuant to part 205 of this chapter, or when an immigrant visa has been issued to the beneficiary as a result of the petition approval.

for an unmarried son, 8 U.S.C. § 1153(a)(2)(B), when Sergio turned 21 years old).

The approval notice states:

> The above petition has been approved. We have sent the original visa petition to the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. NVC will then forward the approved petition to that consulate.
>
> This completes all INS action on this petition. If you have any questions about visa issuance, please contact the NVC directly. The telephone number to NVC is (603) 334-0700.
>
> The NVC will contact the person for whom you are petitioning concerning further immigrant visa processing steps.

Exhibit A. The approval notice states nothing about 8 U.S.C. § 1153(g). The notice does not advise Fermin or Sergio of the obligation to seek a visa within one year following notice of visa availability. The notice does not advise Fermin or Sergio of the need to update their address with the Department of State or to take any other action to maintain the validity of the petition.

34. When Fermin filed the petition, Sergio was residing in Mexico. On May 16, 2003, Sergio was lawfully inspected and admitted to the United States as a nonimmigrant, and he has remained in the United States since this admission.

35. According to the Department of State list of Mexico Family Preference Final Action Dates from FY1999-2022 (available at https://travel.state.gov/content/dam/

visas/family-preference-cut-off-dates/Cut-off%20Dates%20Mexico_Online_FY22.

pdfut-off Dates Mexico_Online_FY22.pdf), a visa became available for Sergio on

February 1, 2019, twenty-two (22) years after Fermin filed the petition.

36. Sergio applied for adjustment of status to permanent resident with USCIS on

February 8, 2021. His Form I-485, Application to Register Permanent Residence or

Adjust Status, was assigned receipt number MSC2190885261, and Sergio was

assigned an alien number ("A number") of 219-810-687. Exhibit B.

37. On September 27, 2021, USCIS issued a Request for Applicant to Appear for

Initial Interview for Sergio, scheduled to occur at the USCIS Santa Ana Field Office

in Santa Ana, California, on November 16, 2021. Exhibit C. However, on November

4, 2021, USCIS issued a Notice of Interview Cancellation by USCIS, advising Sergio

that the interview that was to take place on November 16, 2021, was cancelled.

Exhibit D.

38. On November 22, 2021, USCIS issued a Notice of Intent to Deny ("NOID")

and served the NOID on Sergio by regular mail. Exhibit E. In the NOID, USCIS

alleged that "the records show that the Department of States (DOS) terminated the

immigrant visa petition on September 3, 2020, causing the automatic revocation of

the immigrant visa petition, because you did not apply for an immigrant visa within

one year of June 5, 2019, the date DOS notified you that a visa was available. Since

you do not have an immigrant visa on any other basis immediately available to you,

you are not eligible to adjust status." USCIS provided an opportunity to respond with

either "[d]ocumentation showing that another immigrant visa petition has been filed on your behalf on or before the date of filing Form I-485, that makes a visa immediately available to you; or [e]vidence that the terminated immigrant visa petition filed on your behalf has been reinstated by DOS." The NOID provided 33 days to respond, which was extended by an additional 60 days in accordance with USCIS's blanket extension of deadlines to respond to agency requests during the COVID-19 pandemic. *See* "USCIS Extends Flexibility for Responding to Agency Requests," Sept. 24, 2021, *available at* www.uscis.gov/newsroom/alerts/uscis-extends-flexibility-for-responding-to-agency-requests.

39. On November 30, 2021, through counsel, Sergio submitted a request to the DOS, National Visa Center ("NVC"), to reinstate the petition. Exhibit F. The NVC did not respond, so on January 10, 2022, Sergio resubmitted the request for reinstatement. Exhibit G. The NVC responded on January 14, 2022, as follows:

> The referenced application for an immigrant visa went through the termination process and was destroyed in accordance with INA 203(g). An alien's registration for an immigrant visa shall be terminated if, within one year after notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa.
> If the beneficiary wishes to immigrate, the petitioner must file a new petition with U.S. Citizenship and Immigration Services (USCIS).

Exhibit H.

40. Sergio and Fermin also requested assistance from the offices of Senator Dianne Feinstein, Senator Alex Padilla, and Congressman J. Luis Correa, but did not receive any substantive assistance from these offices. Exhibit I.

41. On February 21, 2022, Sergio (through counsel) provided a timely response to the NOID. Exhibit J. Sergio provided copies of his request for reinstatement submitted to the DOS, and copies of the requests for assistance he and Fermin had submitted to his U.S. senators and U.S. congressman. Sergio's attorney requested more time to obtain the DOS's consent to reinstate the petition.

42. On April 22, 2022, USCIS issued a Revocation Notice to Fermin in relation to the I-130 petition. Exhibit K. This Notice states:

> In accordance with title 8, Code of Federal Regulations (CFR) section 205.1(a)(1), the approval of the petition is automatically revoked as of the date of approval because the Department of State (DOS) has terminated the registration of the beneficiary under Section 203(g) of the Immigration and Nationality Act (INA).

43. On May 31, 2022, USCIS issued a Notice of Decision, denying Sergio's application for adjustment of status. Exhibit L. The Notice of Decision states:

> You provided no evidence that another immigrant visa petition has been filed on your behalf on or before the date of filing this Form I-485 that makes a visa immediately available to you, and you provided no evidence that the terminated immigrant visa petition has been reinstated by DOS.
>
> There is no basis upon which this application can otherwise be approved, and you have not established that you are eligible for adjustment under INA 245.

44. There is no appeal from this Decision, and no appeal from the automatic revocation of the petition approval. As such, Plaintiffs have exhausted all administrative remedies.

45. Defendants' unlawful actions, findings, and conclusions have caused Plaintiffs severe financial and emotional hardships.

# FIRST CAUSE OF ACTION

# VIOLATION OF ADMINISTRATIVE PROCEDURE ACT FOR FAILURE TO NOTIFY VISA APPLICANT PRIOR TO TERMINATION OF VISA REGISTRATION AND REVOCATION OF APPROVAL

46. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 45 as if fully set forth here.

47. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, provides that courts "shall … hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

48. Defendants have a statutory duty to adjudicate the immigrant visa petition and adjustment of status application in accordance with law.

49. Defendants are required by law to provide notice to the visa applicant (Sergio) before terminating the registration. *See* 8 U.S.C. § 1153(g); 22 C.F.R. § 42.67(b); *Singh v. Clinton*, 618 F.3d 1085 (9th Cir. 2010). Because Defendants did not provide notice to Sergio, the termination of registration and subsequent revocation of approval are unlawful.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

50. Termination of Sergio's registration and revocation of approval of Fermin's petition without proper notice was unlawful, and therefore in violation of the APA.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT FOR ULTRA VIRES ACTION

51. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 45 as if fully set forth here.

52. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, provides that courts "shall … hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

53. 8 U.S.C. § 1153(g) does not authorize DOS or USCIS to cancel a visa petition or revoke the approval of a visa petition. 8 U.S.C. § 1153(g) only authorizes the DOS to "terminate the *registration* of any alien who fails to apply for an immigrant visa within one year following notification to the alien of the availability of such visa" (emphasis added). Visa "registration" is not equivalent to the visa petition itself, and thus 8 U.S.C. § 1153(g) does not authorize Defendants to terminate the visa petition.

54. No currently valid statute or regulation authorizes cancellation or revocation of the approval of a visa petition for failure to apply for an immigrant visa within a certain period. Although 8 C.F.R. § 205.1(a)(1) states that the approval of the petition is automatically terminated if the Secretary of State terminates the beneficiary's

registration, this regulation is *ultra vires* because no statute or other authority authorizes this regulation or action.

55. Defendants' cancellation of the visa petition and revocation of approval was done without valid statutory or regulatory authority and thus constitutes an arbitrary agency action performed in violation of the APA.

## PRAYER FOR RELIEF

Plaintiffs ask this Court to grant the following relief:

a. Declare Defendants' decision to cancel registration of the visa application to be unlawful in violation of the Administrative Procedure Act;

b. Declare Defendants' decisions to cancel the visa petition and revoke the approval of the visa petition to be unlawful in violation of the Administrative Procedure Act;

c. Enter an order directing Defendants to reinstate the approval of the visa petition and vacate the decisions revoking the approval of Plaintiff Fermin Aguas Marquez's visa petition and denying Plaintiff Sergio Aguas Saldana's application to adjust status to permanent resident, and reopen and reconsider the application;

d. Award Plaintiffs' counsel reasonable attorneys' fees, costs, and expenses under the Equal Access to Justice Act and any other applicable statute or regulation; and,

/ / /

e. Grant such further relief as the Court deems just, equitable, and appropriate.

DATED:	June 23, 2023	Respectfully submitted,
	REEVES IMMIGRATION LAW GROUP


	By: s/ Eric R. Welsh
	ERIC R. WELSH
	Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA